## PEOPLE v. FRINK.

### No. 20,251; January 15, 1887.

#### 12 Pac. 616.

**Criminal Law — Appeal — Delay in Perfecting—Dismissal.—** Under Penal Code of California, section 1246, requiring the clerk with whom the notice of appeal is filed, within ten days thereafter, or within ten days after the settlement of the bill of exceptions, to transmit to the clerk of the appellate court a copy of the record, an appeal will be dismissed on a showing by certificate of the clerk below that four years have elapsed since the taking of the appeal; that defendant has never requested the clerk to make up a transcript; that the bill of exceptions has never been filed, though settled; and that no transcript has been sent to the supreme court.

APPEAL from Supreme Court, Stanislaus County.

Defendant was adjudged guilty of libel, sentenced, and took an appeal from the judgment and order denying a new trial. Respondent moved, on certificate of the clerk of court below,

for a dismissal, showing that more than four years had elapsed since appeal taken; that defendant had never requested the clerk to send up a transcript of the judgment and proceedings; that the bill of exceptions had never been filed by defendant, though settled, and no transcript had been sent to the supreme court by the clerk of the superior court.

Section 1246, Penal Code of California, requires the clerk with whom the notice of appeal is filed, within ten days thereafter, or within ten days after the settlement of the bill of exceptions, to transmit to the clerk of the appellate court a copy of the notice of appeal, record, bills of exception, and instructions given and refused; and section 1249, Penal Code of California, empowers the appellate court to dismiss the appeal, if section 1246 is not complied with.

P. J. Hazen and Wright & Hazen for appellant; T. A. Coldwell, district attorney, for the people.

By the COURT.—Motion to dismiss appeal granted.